**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 20-415-2**<br>**CRIMINAL NO. 21-379** |
| **SAMYRE WASHINGTON**<br>**a/k/a "Myre"** | : | |

**GOVERNMENT'S MOTION FOR JUDGMENT AND**
**PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb, Assistant United States Attorney, Chief, Asset Recovery and Financial Litigation Unit, and Francis A. Weber, Assistant United States Attorney, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

1. On August 11, 2021, the defendant was charged in a superseding indictment (Criminal No. 20-415) with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Counts Two and Six); distribution of 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Counts Eight and Fifteen); possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count Thirteen); and distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Fourteen).

2. The superseding indictment (Criminal No. 20-415) also contained Notices of Forfeiture. The Notice of Forfeiture 1 alleged that the defendant's interest in certain property is forfeitable, pursuant to 21 U.S.C. § 853, as a result of the offenses charged in Counts One,

Two, Six, Eight, Thirteen, Fourteen, and Fifteen. The Notice of Forfeiture 1 also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. Further, on September 22, 2021, the defendant was charged by information (Criminal No. 21-379) with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One).

4. The information (Criminal No. 21-379) also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that the defendant's interest in certain property was forfeitable, pursuant to 18 U.S.C. § 982(a)(1), as a result of the offense charged in Count One. The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

5. On September 21, 2021, the defendant entered into a Guilty Plea Agreement whereby he agreed to, *inter alia*, plead guilty to Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415) and Count One of the information (Criminal No. 21-379). The defendant further agreed not to contest forfeiture as set forth in the Notices of Forfeiture contained in both charging documents.

6. The defendant also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that the Preliminary Order of Forfeiture shall become final as to the defendant prior to his sentencing.

7. On October 19, 2021, the defendant pleaded guilty to Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415) and Count One of the information (Criminal No. 21-379), pursuant to the Guilty Plea Agreement.

8. As a result of his guilty plea, the defendant is required, pursuant to 21 U.S.C. § 853, to forfeit criminally: (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violations of 21 U.S.C. § 841(a)(1), as charged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415); and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, as charged in of the Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415).

9. Further, as a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 982(a)(1), to forfeit criminally any property, real or personal, involved in the violation charged in Count One of the information (Criminal No. 21-379), and any property traceable to such property.

10. Based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Guilty Plea Agreement, and in the record as a whole, the government avers that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415) and Count One of the information (Criminal No. 21-379), and that the government has established the requisite nexus between such property and such offenses:

a) a Taurus G2C, 9mm semi-automatic pistol seized from defendant ANTONIO SIMMONS on or about January 22, 2021;

b) Glock 17, 9mm semi-automatic pistol, bearing serial number PHG612 seized from defendant ROSS BROOKS on or about January 11, 2021;

c) a Smith & Wesson M&P, .40 caliber semi-automatic pistol, bearing serial number HRH0051, seized from defendant ROSS BROOKS on or about January 11, 2021;

d) a Browning Model 1911-22, .22 caliber semi-automatic pistol, bearing serial number 51EZP03578, seized from defendant HERBERT ROBINSON on or about January 11, 2021;

e) 2014 Dodge Ram VIN: 1C6RR7LT6ES400868 seized from defendant SAMYRE WASHINGTON on or about January 11, 2021;

f) 2010 Mercedes Benz R350 SUV VIN: 4JGCB6FE0AA107778 seized from defendant SAMYRE WASHINGTON on or about January 11, 2021;

g) Approximately $12,980 in United States currency seized on or about May 1, 2020;

h) Approximately $9,020 in United States currency seized on or about January 11, 2021;

i) Rolex GMT-Master II Watch seized from defendant ROSS BROOKS on or about January 11, 2021;

j) Rolex Sky-Dweller Rose Gold Watch seized from defendant ROSS BROOKS on or about January 11, 2021;

k) Approximately $86,810 seized on or about January 22, 2021;

l) Assorted Jewelry with an approximate value of $247,795 seized from defendant HERBERT ROBINSON on or about January 11, 2021;

m) Assorted Jewelry with an approximate value of $971,250 seized from defendant HERBERT ROBINSON on or about January 11, 2021;

n) 21.07986274 Bitcoin with an approximate value of $1,232,252 seized on or about March 15, 2021;

o) 18.79455219 Ethereum with an approximate value of $34,263.97 seized on or about March 15, 2021;

p) 1549 N. 11th Street, Philadelphia, Pennsylvania;

q) 1917 Point Breeze Avenue, Philadelphia, Pennsylvania;

r) 2916-20 N. Croskey Street, Philadelphia, Pennsylvania;

s) 4125 Parrish Street, Philadelphia, Pennsylvania;

t) 4127 Parrish Street, Philadelphia, Pennsylvania;

u) 5406 Arlington Street, Philadelphia, Pennsylvania;

v) 6036 Catherine Street, Philadelphia, Pennsylvania;

w) Funds in the amount of $956,901.00 used to improve, maintain and renovate 801 Penn Oak Road S., Lower Gwynedd, Pennsylvania;

x) 709 S. Mole Street, Philadelphia, Pennsylvania;

y) 1716 Alter Street, Philadelphia, Pennsylvania.

z) 4455 Greene Street, Philadelphia, Pennsylvania;

aa) 3640 N. 19th Street, Philadelphia, Pennsylvania;

bb) 5403 Delancey Street, Philadelphia, Pennsylvania;

cc) 1711 W. Erie Street, Philadelphia, Pennsylvania;

dd) 810 N. Preston Street, Philadelphia, Pennsylvania;

ee) 1925 Rowan Street, Philadelphia, Pennsylvania; and

ff) 127 Farson Street, Philadelphia, Pennsylvania,

as the property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, and/or as the property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415); and/or property constituting or derived from proceeds obtained as a result of the offense alleged in Count One of the information (Criminal No. 21-379) (hereinafter referred to as the "Subject Property").

11. Further, based on the facts set forth at the change of plea hearing, those set forth in the Guilty Plea Agreement, and the record as a whole, the defendant has agreed to forfeit $275,000 in proceeds that he obtained based on his role in the conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, as charged in Count One of Criminal No. 20-415. The defendant further agrees to the Court's entry of a forfeiture money judgment against him in this amount.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay." Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest

revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

13. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Judgment and Preliminary Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Judgment and Preliminary Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel, and on any person known to have an interest in the Subject Property.

14. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

14. The government requests authority to seize the Subject Property described above, if not already in the government's custody or subject to a restraining order, if necessary to protect the interests of the United States in the property, pursuant to 21 U.S.C. § 853(g).

15. The government requests authority to undertake publication of the forfeiture order, once the government seizes the specific property identified in Paragraph 10 above, and notify potential third-party claimants, pursuant to Fed. R. Crim. P. 32.2(b)(3), (b)(6) and (c)(1)(B) and 21 U.S.C. § 853(n)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Financial Litigation

*/s/ Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

Date: December 3, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 20-415-2**<br>**CRIMINAL NO. 21-379** |
| **SAMYRE WASHINGTON**<br>**a/k/a "Myre"** | : | |

**ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Samyre Washington's guilty plea as to Counts One, Two, Four, Six, Seven, Thirteen, and Fifteen of the superseding indictment (Criminal No. 20-415), charging conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); attempt to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Counts Two and Six); distribution of 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Counts Eight and Fifteen); possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count Thirteen); distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count Fourteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Eighteen), the defendant is required to forfeit criminally: (a) any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of his violations of 21 U.S.C. §§ 841(a)(1) and 846, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, as charged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal 20-415), pursuant to 21 U.S.C. § 853.

2. Further, as a result of the defendant's guilty plea as to Count One of the information (Criminal No. 21-379), charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count One), the defendant is required to forfeit criminally any property, real or personal, involved in such offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

3. All property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the defendant's violations of 21 U.S.C. § 841(a)(1) and 846, and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, as charged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415), are forfeited to the United States, pursuant to 21 U.S.C. § 853.

4. All property involved in the defendant's violation of 18 U.S.C. § 1956(h), as charged in Count One of the information (Criminal No. 21-379) and all property traceable to such property, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(1).

5. The Court has determined, based on the facts set forth at the defendant's plea hearing, the Guilty Plea Agreement, and in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal acts alleged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415) and Count One of the information (Criminal No. 21-379), that the government has established the requisite nexus between such property and such offenses, and that the following property is forfeited to the United States:

a) **$275,000.00 in United States Currency (Forfeiture Money Judgment);**

b) **a Taurus G2C, 9mm semi-automatic pistol seized from defendant ANTONIO SIMMONS on or about January 22, 2021;**

c) **Glock 17, 9mm semi-automatic pistol, bearing serial number PHG612 seized from defendant ROSS BROOKS on or about January 11, 2021;**

d) **a Smith & Wesson M&P, .40 caliber semi-automatic pistol, bearing serial number HRH0051, seized from defendant ROSS BROOKS on or about January 11, 2021;**

e) **a Browning Model 1911-22, .22 caliber semi-automatic pistol, bearing serial number 51EZP03578, seized from defendant HERBERT ROBINSON on or about January 11, 2021;**

f) **2014 Dodge Ram VIN: 1C6RR7LT6ES400868 seized from defendant SAMYRE WASHINGTON on or about January 11, 2021;**

g) **2010 Mercedes Benz R350 SUV VIN: 4JGCB6FE0AA107778 seized from defendant SAMYRE WASHINGTON on or about January 11, 2021;**

h) **Approximately $12,980 in United States currency seized on or about May 1, 2020;**

i) **Approximately $9,020 in United States currency seized on or about January 11, 2021;**

j) **Rolex GMT-Master II Watch seized from defendant ROSS BROOKS on or about January 11, 2021;**

k) **Rolex Sky-Dweller Rose Gold Watch seized from defendant ROSS BROOKS on or about January 11, 2021;**

l) **Approximately $86,810 seized on or about January 22, 2021;**

m) **Assorted Jewelry with an approximate value of $247,795 seized from defendant HERBERT ROBINSON on or about January 11, 2021;**

n) **Assorted Jewelry with an approximate value of $971,250 seized from defendant HERBERT ROBINSON on or about January 11, 2021;**

o) **21.07986274 Bitcoin with an approximate value of $1,232,252 seized on or about March 15, 2021;**

p) **18.79455219 Ethereum with an approximate value of $34,263.97 seized on or about March 15, 2021;**

q) **1549 N. 11th Street, Philadelphia, Pennsylvania;**

r) **1917 Point Breeze Avenue, Philadelphia, Pennsylvania;**

s) **2916-20 N. Croskey Street, Philadelphia, Pennsylvania;**

t) **4125 Parrish Street, Philadelphia, Pennsylvania;**

u) **4127 Parrish Street, Philadelphia, Pennsylvania;**

v) **5406 Arlington Street, Philadelphia, Pennsylvania;**

w) **6036 Catherine Street, Philadelphia, Pennsylvania;**

x) **Funds in the amount of $956,901.00 used to improve, maintain and renovate 801 Penn Oak Road S., Lower Gwynedd, Pennsylvania;**

y) **709 S. Mole Street, Philadelphia, Pennsylvania;**

z) **1716 Alter Street, Philadelphia, Pennsylvania.**

aa) **4455 Greene Street, Philadelphia, Pennsylvania;**

bb) **3640 N. 19th Street, Philadelphia, Pennsylvania;**

cc) **5403 Delancey Street, Philadelphia, Pennsylvania;**

dd) **1711 W. Erie Street, Philadelphia, Pennsylvania;**

ee) **810 N. Preston Street, Philadelphia, Pennsylvania;**

ff) **1925 Rowan Street, Philadelphia, Pennsylvania; and**

gg) **127 Farson Street, Philadelphia, Pennsylvania,**

as the property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, and/or as the property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in Counts One, Two, Six, Eight, Thirteen, Fourteen, and Fifteen of the superseding indictment (Criminal No. 20-415); and/or property constituting or derived from proceeds obtained as a result of the offense alleged in Count One of the information (Criminal No. 21-379) (hereinafter referred to as the "Subject Property").

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

7. Upon entry of this Order, the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order, pursuant to Fed. R. Crim. P. 32.2(b)(3).

8. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

9. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal

interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

10. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to the Judgment and Preliminary Order of Forfeiture, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

11. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

12. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

13. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of ____________________, 2024.

______________________________________

**HONORABLE R. BARCLAY SURRICK**
**United States District Court**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order have been filed electronically in the Clerk's Office Electronic Case Filing (ECF) system and are available for viewing and downloading from the ECF system, and that a true and correct copy of the motion and proposed order were served upon counsel for the defendant by electronic filing, as follows:

WILLIAM M. DAVIS
MCMONAGLE PERRI MCHUGH & MISCHAK
1845 WALNUT ST 19TH FL
PHILADELPHIA, PA 19103
wdavis@mpmpc.com
215-981-0999

/s/ *Francis A. Weber*
FRANCIS A. WEBER
Assistant United States Attorney

Date: December 3, 2024